IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| OLEG CHURYUMOV, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| v. ) | No. 25-2408-KHV |
| ) | |
| UNITED STATES CITIZENSHIP AND ) | |
| IMMIGRATION SERVICES, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On July 25, 2025, plaintiff—an active duty service member in the United States Army—filed suit against the United States Citizenship and Immigration Services. Plaintiff alleges that defendant's refusal to process his naturalization application without extensive security checks by the United States Department of Defense violates the Administrative Procedure Act, 5 U.S.C. § 701 et seq. Plaintiff requests that given his upcoming deployment overseas, the Court order defendant to expedite his naturalization process. This matter is before the Court on Plaintiff's Complaint And Motion For Preliminary Relief And Motion To Proceed Pseudonymously (Doc. #1) filed July 25, 2025. For reasons set forth below, the Court overrules plaintiff's motion.

**I.   Motion For Preliminary Relief**

Plaintiff asks the Court for a preliminary injunction which requires defendant to immediately schedule a naturalization interview.[1]

A preliminary injunction is an order issued "only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). Because plaintiff has not served defendant, it has not received notice and has not

---

[1] Plaintiff alleges that he deploys sometime "this summer." Plaintiff's Complaint And Motion For Preliminary Relief And Motion To Proceed Pseudonymously (Doc. #1) at 2.

had an opportunity to respond to the merits of plaintiff's request. The Court therefore overrules plaintiff's request for a preliminary injunction.[2]

## II.     Motion To Proceed Pseudonymously

Plaintiff asks that the Court allow him to proceed pseudonymously because he is an active duty service member.[3] Plaintiff claims that disclosure of his full name poses safety risks to him and his family. Specifically, plaintiff argues that if his full name, deployment details and contact information are public, adversaries of the United States could collect intelligence, compromise sensitive operations and harm service members and their families.

Federal courts have long recognized a common-law right of access to judicial records and court proceedings. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978); Cox Broad. Corp. v. Cohn, 420 U.S. 469, 492 (1975). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. See Nixon, 435 U.S. at 599; Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980).

---

[2]     To the extent that plaintiff's motion could be construed as a motion for an ex parte temporary restraining order, the Court overrules it. An ex parte temporary restraining order is an emergency remedy, which is reserved for exceptional circumstances and lasts only until the Court can hear arguments or evidence regarding the controversy. Uhlig, LLC v. PropLogix, LLC, No. 22-2475-KHV, 2023 WL 8452426, at *1 (D. Kan. Dec. 6, 2023). Plaintiff has not shown exceptional circumstances which would permit the Court to hear his request without notice to the opposing party. The Court therefore overrules plaintiff's request for an ex parte temporary restraining order.

[3]     Under the Court's Administrative Procedures, the Court limits access to individual documents in immigration cases to counsel and court staff. Administrative Procedures For Filing, Signing, And Verifying Pleadings And Papers By Electronic Means In The United States District Court For The District Of Kansas, (Revised Feb. 2025) available at https://ksd.uscourts.gov/sites/ksd/files/Combined%20Administrative%20Procedures.pdf (last accessed July 30, 2025). Non-parties may only access the docket sheet and orders which the Court designates as written opinions. Id. The Court therefore construes plaintiff's request as a request to proceed pseudonymously on the docket sheet and in the Court's written opinions.

"[T]here is no legal right in parties to be allowed anonymity." Luo v. Wang, 71 F.4th 1289, 1296 (10th Cir. 2023). Indeed, the Federal Rules of Civil Procedure do not contemplate non-minors proceeding anonymously or by initials. Id.; see Fed. R. Civ. P. 5.2. (litigants must modify or redact minors' full names). Rather, Rule 10(a) of the Federal Rules of Civil Procedure requires that all pleadings contain the name of the parties. Fed. R. Civ. P. 10(a). Rule 17(a) specifically states that "[e]very action shall be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a). Even so, "federal courts traditionally have recognized that in some cases the general presumption of open trials—including identification of parties and witnesses by their real names—should yield in deference to sufficiently pressing needs for a party or witness anonymity." Luo, 71 F.4th at 1296. Upon petition to the Court, an individual may proceed anonymously "in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." Femedeer v. Haun, 227 F.3d 1244, 1246 (10th Cir. 2000) (quotations omitted). The need for anonymity must outweigh the general presumption of openness. Luo, 71 F.4th at 1296. "Proceeding under a pseudonym in federal court is, by all accounts, an unusual procedure." Femedeer, 227 F.3d at 1246 (quotations omitted).

Here, plaintiff has not established that a need for anonymity outweighs the general presumption of openness. As noted, plaintiff argues that if his full name, deployment details and contact information are public, adversaries of the United States could collect intelligence, compromise sensitive operations and harm service members and their families. At this time, plaintiff's concerns are purely hypothetical. He has not established real, imminent personal danger to anyone. Cf. Doe v. U.S. Immigr. & Customs Enf't, No. 23-CV-00971-MLG-JMR, 2024 WL 4389461, at *2–3 (D.N.M. Oct. 3, 2024) (because (1) plaintiffs fled Venezuela due to government

persecution, torture and abuse, (2) their family still resided in Venezuela, (3) they faced risk of returning to Venezuela and retaliatory torture if United States did not grant asylum and (4) they feared direct retaliation from ICE while in custody, they established real, imminent personal danger). Moreover, the public's interest in knowing litigants' identities is heightened when a suit involves public figures, public funds or public entities. See M.M. v. Zavaras, 139 F.3d 798, 803 (10th Cir. 1998) (public has valid interest in knowing how state spends revenues); Doe v. F.B.I., 218 F.R.D. 256, 259 (D. Colo. 2003) (by initiating an action against FBI for disclosure of file, plaintiff chose to bring private matter into public eye). On the present record, the public's interest in open court proceedings outweighs plaintiff's interest in anonymity. The Court therefore overrules plaintiff's motion to proceed pseudonymously.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint And Motion For Preliminary Relief And Motion To Proceed Pseudonymously (Doc. #1) filed July 25, 2025 is **OVERRULED.**

Dated this 5th day of August, 2025 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge