**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| OLEG CHURYUMOV, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 25-2408-KHV-GEB |
| | ) | |
| UNITED STATES CITIZENSHIP | ) | |
| AND IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## ORDER AND NOTICE AND REPORT OF RECOMMENDATION

This matter comes before the Court on Plaintiff's Motion for Leave to Amend the Complaint ("First Motion") (ECF No. 17) and Motion for Leave to File Amended Complaint ("Second Motion") (ECF No. 28). For the reasons outlined below, the undersigned Magistrate Judge **RECOMMENDS** Plaintiffs' Second Motion **(ECF No. 28) BE DENIED**. Plaintiff having filed his Second Motion, the Court **FINDS AS MOOT** Plaintiff's First Motion **(ECF No. 17)**.

## I.    Background[1]

Plaintiff, a non-citizen active duty service member who filed a N-400 application for naturalization, filed his Complaint on July 25, 2025 pursuant to the Administrative Procedures Act, 5 U.S.C. § 701 et seq. and the Mandamus Act 28 U.S.C. § 1361. He alleges

---

[1] The facts are taken from Plaintiff's Complaint (ECF No. 1) unless otherwise indicated. This background information should not be construed as judicial findings or factual determinations.

Defendant's refusal to process his application without Department of Defense background checks violates the Administrative Procedure Act. For relief, he asked Defendant to expedite his naturalization process, including his interview, due to an upcoming deployment. Defendant filed a Motion to Continue[2] its answer deadline on the basis it had scheduled an interview with Plaintiff regarding his application for naturalization and if the application was granted Plaintiff's claim would become moot. The Court granted Defendant's Motion to Continue extending their deadline to answer or otherwise respond up to and including January 15, 2026.[3] Defendant timely filed a Motion to Dismiss Plaintiff's original Complaint which remains pending.[4]

As Plaintiff's N-400 application with Defendant has progressed, Plaintiff has endeavored to amend his Complaint to add additional factual information regarding the status of his case and amend his claims, as he believed necessary. Plaintiff has now had an interview, and his application has been denied. In the Amended Complaint attached to Plaintiff's Second Motion, he alleges he timely sought administrative review of the denial of his application by filing a Form N-336, Defendant rejected the filing based on an asserted required filing fee, and the rejection of the Form N-336 deprived him of administrative review and constitutes an agency action which is not in accordance with the law. Plaintiff's proposed Amended Complaint brings three claims under the Administrative Procedures Act, 5 U.S.C. § 701 et seq. and the Mandamus Act 28 U.S.C. § 1361; all three are related

---

[2] ECF No. 15.
[3] ECF No. 16.
[4] ECF No. 18.

to Defendant's rejection of his Form N-336. In Plaintiff's prayer for relief, he not only asks the Court to declare Defendant's rejection of the Form N-336 unlawful but to: 1) vacate Defendant's denial of Plaintiff's Form N-400 application for naturalization; 2) remand the matter to USCIS for lawful adjudication; 3) excuse further administrative exhaustion as satisfied; and 4) grant any further relief as the Court deems just and proper. Plaintiff attached to his proposed Amended Complaint a copy of a Form I-797C, Notice of Action rejecting a N-336, Request for a Hearing on a Decision in Naturalization which was received on February 24, 2026 – Receipt Number IOE935918803.[5] The rejection notice provides the following reason for return of the Form N-336:

> The payment amount provided does not match the required amount according to what you have selected on the form, or no payment amount has been provided. Please review the Fee Schedule, Form G-1055 at uscis.gov/G-1055 for the latest fee information. Please resubmit the application/petition package with the appropriate fees to the address listed on the bottom of this page.[6]

The day before Plaintiff filed his Second Motion, he filed a Motion to Set Aside Agency Action, Compel Agency Action, and for Expedited Relief ("Motion to Set Aside Agency Action").[7] The District Judge will decide Plaintiff's Motion to Set Aside Agency Action, however, the undersigned Magistrate Judge will decide Plaintiff's Second Motion. Despite the fact the two motions will be decided by different judges, Defendant filed a joint response to them. The Court understands that paragraph IV(a) – Court should deny leave

---

[5] ECF 28-2, p. 3.
[6] *Id.*
[7] ECF. No. 27.

to amend the complaint – is the sole section of Defendant's argument in response to the Second Motion, with paragraphs IV(b)-(d) being in response to the Motion to Set Aside Agency Action.

## II.    Plaintiff's Second Motion to Amend

Defendant alleges Plaintiff's proposed Amended Complaint is false because it in fact accepted his Form N-336 without requiring him to pay a fee. Defendant attaches to its response, a Receipt Notice which indicates a Form N-336 was received from Plaintiff on February 9, 2026 – Receipt Number IOE9268148425.[8] The Receipt Notice indicates no fee was paid with the form.[9] Defendant argues Plaintiff's claims are futile.

Plaintiff, in his reply, acknowledges the Form N-336 received on February 9, 2026 and attaches an April 10, 2026 notice of hearing set for June 1, 2026. However, he argues the scheduled administrative hearing does not moot his case as there is no final favorable agency action yet taken. Additionally, he argues his claim is plausible, not subject to dismissal as a matter of law.

### a.    Legal Standard

The standard for permitting a party to amend his pleadings is well established. A party may amend a pleading as a matter of course under Fed. R. Civ. P. 15(a)(1), either before the responding party answers or within 21 days after service of a responsive

---

[8] ECF No. 29-1.
[9] *Id.*

pleading. However, in cases such as this where the time for amendment as a matter of right has passed, without the opposing party's consent, a party may amend its pleading only by leave of the court under Rule 15(a)(2), where leave "shall be freely given when justice so requires."

A decision to grant or deny leave to amend is within the sound discretion of the Court.[10] "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[11] "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[12] Futility of amendment is adequate justification to deny leave to amend.[13] A court is "justified in denying the motion to amend if the proposed amendment could not have withstood a motion to dismiss or otherwise failed to state a claim."[14]

A complaint must plead sufficient facts to state a claim for relief that is plausible on its face in order to withstand a motion to dismiss.[15] Well-pleaded facts are accepted as

---

[10] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[11] *Id.*

[12] *Id.*

[13] *Schepp v. Fremont Cnty.,* 900 F.2d 1448, 1451 (10th Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[14] *Id.*

[15] *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).

true.[16] Additionally, all reasonable inferences derived from such facts are viewed in the light most favorable to Plaintiff.[17] Plaintiff proceeds pro se, thus his pleadings must be construed liberally.[18] However, he still bears the burden to allege "sufficient facts on which a recognized legal claim could be based."[19] The Court cannot "take on the responsibility of serving as his attorney in constructing arguments and searching the record."[20]

### b.    Discussion

Defendant argues Plaintiff's claims in the proposed Amended Complaint, all related to Defendant's alleged rejection of his Form N-336, are futile because there is no longer a live case or controversy. As discussed below, the Court is inclined to agree that certain of Plaintiff's claims are moot, but it does not find all claims are moot.

"Article III of the Constitution limits the jurisdiction of federal courts to actual 'Cases' and 'Controversies.'" U.S. Const. art. III, § 2."[21] "The case-or-controversy requirement 'ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved.'"[22] "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the

---

[16] *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).
[17] *Archuleta,* 523 F.3d at 1283.
[18] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[19] *Id*.
[20] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[21] *Smith v. Becerra*, 44 F.4th 1238, 1247 (10th Cir. 2022) (citing *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013)).
[22] *Id.*

defendant and likely to be redressed by a favorable judicial decision.'"[23] Because Article

III requires a case or controversy, a court lacks subject-matter jurisdiction over a case that

is moot.[24] "A case becomes moot 'when the issues presented are no longer 'live' or the

parties lack a legally cognizable interest in the outcome.'"[25] "The crucial question is

whether granting a present determination of the issues offered ... will have some effect in

the real world."[26] The Court must take a claim-by-claim approach and "must decide

whether a case is moot as to 'each form of relief sought.'"[27] A claim for declaratory relief

is moot when the relief would not affect "the behavior of the defendant toward the

plaintiff."[28] Regarding a claim for declaratory relief, "a plaintiff must be seeking more than

a retrospective opinion that he was wrongly harmed by the defendant."[29]

Plaintiff has one prayer for relief for all the three claims he brings. He seeks the

following relevant relief:

> - Declare that Defendant's rejection of Plaintiff's Form N-336
> was unlawful;
>
> - Set aside (vacate) Defendant's denial of Plaintiff's Form N-
> 400;
>
> - Remand the matter to USCIS for lawful adjudication;

---

[23] *Smith*, 44 F.4th at 1247 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)).

[24] *Id*. (citing *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 879 (10th Cir. 2019)).

[25] *Id.* (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000)).

[26] *Id.* (quoting *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (quotations and citation omitted)).

[27] *Id.* (quoting Prison Legal News v. Fed. Bureau of *Prisons*, 944 F.3d 868, 880 (10th Cir. 2019)).

[28] *Id.* (quoting *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1110 (10th Cir. 2010) (quotations and citation omitted)).

[29] *Id.* at 1247-48 (quoting *Jordan v. Sosa*, 654 F.3d 1012, 1024 (10th Cir. 2011)).

- Order Defendant, in the alternative, to accept and adjudicate Plaintiff's Form N-336.

The Court will review the two claims related directly to Plaintiff's Form N-336 first. It is clear the relief Plaintiff seeks in the alternative, for Defendant to accept and adjudicate his Form N-336, is moot. Plaintiff acknowledges one of the Form N-336 he submitted has been filed and he received notice of hearing set for June 1, 2026. Plaintiff has already received the relief he seeks, thus granting the relief requested would not have real world effect. His request that the Court declare that Defendant's rejection of Plaintiff's Form N-336 was unlawful is also moot. Where an N-336 has been received and the hearing regarding the denial of his application N-400 to proceed has been scheduled, the relief sought has been provided. Therefore, such a declaration would amount to a retrospective opinion he was wrongly harmed by the Defendant.

Turning to the two claims for relief related to Plaintiff's N-400 application for naturalization, the Court finds they are not moot. Plaintiff asks the Court to vacate Defendant's denial of Plaintiff's Form N-400 and remand the matter to USCIS for lawful adjudication. Although a hearing on the denial his N-400 application has been set for June 1, 2026, the denial has not been vacated and his application has not been remanded to Defendant for adjudication. Plaintiff maintains a cognizable interest in the outcome of the relief sought on his application.

Plaintiff's claims for relief related to the Form N-400 are not moot. However, the Court finds Plaintiff has failed to allege sufficient facts to state a claim for relief that is plausible on its face and are therefore futile. Plaintiff, in his proposed Amended Complaint,

8

alleges: 1) he filed Form N-400 under INA § 329 based on honorable active duty military service; 2) Defendant conducted a naturalization interview on December 9, 2025; 3) Defendant subsequently denied Plaintiff's application; and 4) he timely filed Form N-336 requesting a hearing on the denial. He does not, however, allege the basis for denial of his application, for example he failed to meet good character requirement for at least 1 year prior to the filing of his application until the time of his naturalization[30] or he failed to satisfy the permanent residence requirement;[31] whether or how the denial was improper; any grounds for vacating the denial; or his eligibility and compliance with all naturalization requirements.[32] The Court, therefore finds all Plaintiff's claims for relief, as pled, are futile either based upon mootness or the failure to state a claim for which relief may be granted.

### III.    Notice

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

---

[30] 8 C.F.R. § 329.2(d).

[31] 8 C.F.R. § 329.2(c).

[32] *Yeshiambel v. United States Citizenship & Immigr. Servs.*, 733 F. Supp. 3d 1112, 1115–16 (D. Kan. 2024) (A naturalization applicant bears the burden of showing his eligibility and compliance with all naturalization requirements.)

9

## IV.    Conclusion

After careful review and being mindful Plaintiff proceeds *pro se*, the undersigned concludes the proposed Amended Complaint is futile.

**IT IS THEREFORE RECOMMENDED** Plaintiff's Motion for Leave to File Amended Complaint **BE DENIED** based upon futility **(ECF No. 28)**.

**IT IS THEREFORE ORDRED** where Plaintiff filed his Second Motion, the Court **DENIES AS MOOT** his Motion for Leave to Amend the Complaint ("First Motion") **(ECF No. 17)**.

**IT IS ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail. Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to the proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation. Failure to make a timely objection waives appellate review of both factual and legal questions.[33]

**IT IS SO ORDERED.**

Dated this 27th day of April, 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge

---

[33] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).