## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| OLEG CHURYUMOV, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 25-2408-KHV |
| | ) | |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on the Order And Notice And Report Of Recommendation (Doc. #32) which Magistrate Judge Gwynne E. Birzer filed April 27, 2026. Judge Birzer recommended that Plaintiff's Motion For Leave To File Amended Complaint (Doc. #28) filed March 26, 2026 be denied as to defendant's rejection of his Form N-336 on grounds of mootness. In Plaintiff's Objections To Report And Recommendation (Doc. #33) filed April 29, 2026, plaintiff agrees that such claims "can be moot." The Court therefore adopts Judge Birzer's recommendation and denies plaintiff leave to amend to assert that claim.

Judge Birzer recommended that plaintiff be denied leave to assert two claims related to his N-400 application because, as pled, plaintiff had not alleged facts sufficient to support an actionable claim for relief. Plaintiff responds that he can supply the missing factual detail, so amendment would not be futile. If granted leave to amend, plaintiff would allege that when the USCIS denied his Form N-400 application for naturalization on January 29, 2026, it acted upon disputed and legally deficient grounds. Plaintiff filed a Form N-336 seeking administrative review of that action, however, and that matter is set for hearing on June 1, 2026. Plaintiff's sole prayer for relief as to the Form N-400 is that the Court vacate defendant's denial of his application for

naturalization.  As to that claim, it appears that plaintiff is still in the process of exhausting his administrative remedies. District courts may review, de novo, the denial of a naturalization application only after the applicant has completed the entire naturalization process.  8 U.S.C. § 1421(c).  This requires the applicant to request a hearing before an immigration officer, if his or her application is denied by filing a Form N-336, Request for a Hearing on a Decision in Naturalization Proceedings (Under Section 336 of the INA).  The Immigration and Naturalization Act provides as follows:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this title, may seek review of such denial before the United States district court for the district in which such a person resides in accordance with chapter 7 of title 5.

8 U.S.C. § 1421(c).  Additionally, a "determination denying an application for naturalization . . . shall not be subject to judicial review until the applicant has exhausted those administrative remedies available to the applicant under section 336 of the Act.  8 C.F.R. § 336.9(d).  Exhaustion of the administrative remedies is mandatory.  Escaler v. U.S. Citizenship & Immigration Serv., 582 F.3d 288, 291 (2d Cir. 2009).

Here, plaintiff has not exhausted his administrative remedies related to the appeal of the denial of his naturalization  application, so he cannot seek review of his naturalization denial.  See, e.g., Abiodun v. Gonzales, 217 Fed. Appx. 738, 741 n.4 (10th Cir. 2007); Idahosa v. Bureau of Immigration and Customs Enf't, 111 Fed. Appx. 293, 294 (5th Cir. 2004) (per curiam); Hong Yin v. Frazier, 804 F. Supp. 2d 969, 972 (D.S.D. 2011).  Plaintiff is not entitled to review because he has not exhausted his administrative remedies by completing the N-336 process.

Plaintiff does not identify factual detail which an amended complaint might include to avoid futility based on failure to exhaust.  Specifically, plaintiff fails to identify facts which would

excuse further administrative exhaustion as satisfied or rendered unavailable due to agency error. The Court therefore adopts Judge Birzer's report and recommendation and denies Plaintiff's Motion For Leave To File Amended Complaint (Doc. #28) filed March 26, 2026, in its entirety.

Plaintiff does not object to Judge Birzer's recommendation that his first motion, Plaintiff's Motion For Leave To Amend The Complaint (Doc. #17) filed January 9, 2026, be overruled as moot. The Court therefore overrules it as well. If, after exhausting the administrative process, the status of plaintiff's application is unchanged, he may file a lawsuit. Idahosa, 111 Fed. Appx. at 294; 8 U.S.C. § 1421(c). However, that lawsuit would involve different conduct, it requires a separate form and process, it requires a new ground for relief (as opposed to an interview and adjudication) and would fall under different federal statutes.

**IT IS THEREFORE ORDERED** that the Order And Notice And Report Of Recommendation (Doc. #32) filed April 27, 2026 is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Leave To File Amended Complaint (Doc. #28) filed March 26, 2026 is **OVERRULED** in its entirety.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Leave To Amend The Complaint (Doc. #17) filed January 9, 2026 is **OVERRULED** as moot.

Dated this 26th day of May, 2026 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

-3-