**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| OLEG CHURYUMOV, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 25-2408-KHV |
| | ) | |
| UNITED STATES CITIZENSHIP AND | ) | |
| IMMIGRATION SERVICES, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On July 25, 2025, Oleg Churyumov, proceeding pro se, filed Plaintiff's Complaint And Motion For Preliminary Relief And Motion To Proceed Pseudonymously (Doc. #1) against the United States Citizenship and Immigration Services ("USCIS").  At the time, plaintiff sought an order compelling defendant to schedule his naturalization interview and adjudicate his naturalization application.  This matter is before the Court on Defendant's Motion To Dismiss Complaint And Motion To Deny Plaintiff's Motion To Amend Complaint (Doc. #18) filed January 15, 2026 and Plaintiff's Motion To Set Aside Agency Action, Compel Agency Action, And For Expedited Relief (Doc. #27) filed March 25, 2026.  For reasons explained below, the Court sustains defendant's motion and overrules plaintiff's motion.

**Legal Standards**

The Court affords a pro se plaintiff some leniency and liberally construes his filings.  See James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013).  Although the Court holds a pro se litigant's filings to a less stringent standard than formal pleadings drafted by attorneys, a pro se party must follow the same rules of procedure as all other litigants.  See Garrett v. Selby Connor Maddux &

Janer, 425 F.3d 836, 840 (10th Cir. 2005).

Federal courts are courts of limited jurisdiction. Marcus v. Kan. Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). Therefore, the law imposes a presumption against jurisdiction. Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974). The Court may exercise jurisdiction only when specifically authorized to do so, see Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir. 1994), and must dismiss a claim if it becomes apparent at any stage of the proceedings that it lacks jurisdiction, Scheideman v. Shawnee Cnty. Bd. Of Cnty. Comm'rs, 895 F. Supp. 279, 280 (D. Kan. 1995) (citing Basso, 495 F.2d at 909); Fed. R. Civ. P. 12(h)(3). Plaintiff bears the burden of showing that jurisdiction is proper, see Scheideman, 895 F. Supp. at 280, and must demonstrate that the case should not be dismissed, see Jensen v. Johnson Cnty. Youth Baseball League, 838 F. Supp. 1437, 1439–40 (D. Kan. 1993). Conclusory allegations of jurisdiction are not enough. United States v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

Courts lack subject matter jurisdiction if a case is moot. Prison Legal News v. Fed. Bureau of Prisons, 944 F.3d 868, 879 (10th Cir. 2019). "The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." Id. (quoting Brown v. Buhman, 822 F.3d 1151, 1165–66 (10th Cir. 2016)). A case is moot if an intervening circumstance deprives plaintiff of a personal stake, such that he no longer suffers a redressable actual injury. Prison Legal News, 944 F.3d at 880.

## Factual Background

The factual and procedural background is summarized as follows:

Plaintiff, a non-citizen of Russian nationality, is a United States Army active-duty service member. In the summer of 2025, before being deployed, plaintiff requested that defendant follow

its procedure of expedited naturalization for soldiers who deploy abroad.  On July 25, 2025, plaintiff filed an action under the Administrative Procedure Act and Mandamus Act, seeking a preliminary injunction to require defendant to conduct an interview related to his Form N-400, Application for Naturalization ("naturalization application"), and to adjudicate his application.

On December 9, 2025, defendant conducted plaintiff's interview.  On December 23, defendant issued a <u>notice of intent to deny</u> plaintiff's application (Doc. #18-2), due to dishonest statements regarding traffic tickets in his application and under oath.  On January 9, 2026, plaintiff filed <u>Plaintiff's Motion For Leave To Amend The Complaint</u> (Doc. #17), seeking to incorporate new facts including defendant's scheduling of his naturalization interview and defendant's continued withholding of a final adjudication and to remove claims that no longer apply after defendant's partial compliance.  On January 29, 2026, defendant sent its <u>notice of decision</u> (Doc. #26-1), denying plaintiff's application for naturalization.

On March 25, 2026, plaintiff filed <u>Plaintiff's Motion To Set Aside Agency Action, Compel Agency Action, And For Expedited Relief</u> (Doc. #27), arguing that after defendant denied his application, he timely filed a Form N-336 to request a hearing on the denial, but defendant rejected his N-336 for failure to include a filing fee.  Plaintiff argues that under the current USCIS Fee Schedule, the Form N-336 requires no fee where the underlying application was filed under INA § 329 and denied.

<u>**Analysis**</u>

**I.**     **Defendant's Motion To Dismiss**

Defendant argues that the Court should dismiss plaintiff's complaint for lack of subject matter jurisdiction because his claims are moot.

Plaintiff's complaint sought an order compelling defendant to schedule his naturalization

-3-

interview and adjudicate his naturalization application.   On December 23, 2025, defendant conducted his naturalization interview and on January 29, 2026, defendant adjudicated his application by denying it.   Therefore, plaintiff's complaint is moot, and the Court lacks subject matter jurisdiction.   Accordingly, the Court sustains defendant's motion to dismiss.

## II.    Plaintiff's Motion (Doc. #27)

Regarding his request for a hearing on the denial of his application for naturalization, plaintiff argues that (1) defendant acted contrary to law by rejecting a fee-exempt filing; (2) defendant cannot invoke exhaustion after preventing it; (3) defendant's conduct creates an ongoing procedural dead-end; and (4) vacatur, compulsion and expedited relief are warranted. Plaintiff asks the Court to (1) hold that defendant's rejection of his Form N-336 was unlawful; (2) set aside (vacate) defendant's denial of plaintiff's Form N-400; (3) remand the matter to defendant for lawful adjudication; (4) order defendant, in the alternative, to accept and adjudicate plaintiff's Form N-336; (5) compel defendant to complete such proceedings within a fixed deadline to avoid delays that become chronic; (6) excuse further administrative exhaustion as satisfied or rendered unavailable due to agency error; (7) grant expedited consideration in light of plaintiff's active-duty military status; and (8) grant any further relief the Court deems just and proper.

As discussed above, because the claims in plaintiff's complaint are moot, the Court lacks subject matter jurisdiction to adjudicate plaintiff's motion.   Accordingly, the Court overrules it.[1]

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Complaint And

---

[1]    The gravamen of plaintiff's current motion is that defendant rejected his fee-exempt filing of a Form N-336 to appeal the denial of his naturalization application.   Defendant has presented uncontroverted evidence that it accepted plaintiff's second Form N-336 without requesting a filing fee, and in fact a hearing on plaintiff's appeal is currently scheduled.   As the Court has previously noted, plaintiff has therefore failed to exhaust administrative remedies.   On the merits, the Court would deny plaintiff the requested relief and decline to interfere with the statutory scheme which governs requests for naturalization.

Motion To Deny Plaintiff's Motion To Amend Complaint (Doc. #18) filed January 15, 2026 is

**SUSTAINED**.

      **IT IS FURTHER ORDERED THAT** Plaintiff's Motion To Set Aside Agency Action,

Compel Agency Action, And For Expedited Relief (Doc. #27) filed March 25, 2026 is

**OVERRULED**.

      Dated this 8th day of June, 2026 at Kansas City, Kansas.

                s/ Kathryn H. Vratil
                KATHRYN H. VRATIL
                United States District Judge